# United States District Court
### for the
## WESTERN DISTRICT OF TEXAS

FILED
JAN 15 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Ninfa Silva Leal                                    Case Number: DR-06-CR-817(03)

Name of Sentencing Judicial Officer: Honorable William Wayne Justice, Senior United States District Judge

Date of Original Sentence: April 17, 2007

Original Offense: 21 U.S.C. § 841(a)(1)&(b)(1)(B)&846 - Conspiracy to Possess With Intent to Distribute Marijuana

Original Sentence: 24 months imprisonment, followed by a 5 year term of supervised release.

Type Of Supervision: Supervised Release                  Date Supervision Commenced: June 30, 2008

Assistant U.S. Attorney: Jeremy Sibert                          Defense Attorney: Javier Riojas

## PETITIONING THE COURT

__X__ To issue a WARRANT.

___ To Issue a WARRANT and TRANSFER JURISDICTION to the Western District of Texas.

___ To issue a SUMMONS

The probation officer believes the offender has violated the following conditions of supervision:

**Violation Number**     **Nature of Noncompliance**

1.    **Mandatory Condition No. 1.** The defendant shall not commit another federal, state, or local crime during the term of supervision;

On August 18, 2009, a Del Rio Police Department officer responded to a call to investigate a harassment by phone. The victim, Georgina Fatima Zamora, stated she had been having problems with her husband, over another female identified as Ninfa Leal. Zamora stated she advised her husband not to come home and he grew angry with her. Zamora further stated she began to receive phone calls from Leal stating she knew where her parents lived and she was going to call Housing Authority on them. Zamora stated she had advised Leal to stop calling and that she would not. According to the detective investigating the case, charges were not filed against the offender.

On October 12, 2009, a Del Rio Police Department officer responded to the Plaza Del Sol Mall for a Criminal Mischief report. Upon arrival, the officer made contact with the victim, Tito Garcia. He reported that unknown actors had slashed one of the tires to his 1985, Grand Prix. The actors keyed the hood and front passenger side quarter panels of the vehicle. Garcia reported his son, Jerry Garcia and a friend, Jorge Ramos were using Garcia's car. They parked the vehicle at the mall at approximately 6:00 p.m. At 8:00 p.m., they realized someone had keyed the car and slashed the tire. Neither the victim nor his son had reported any problems with anyone. However, their friend, Jorge Ramos was having problems with an ex-girlfriend. Jorge Ramos was with Jerry Garcia when the vehicle was damaged.

Ninfa Silva Leal
DR-06-CR-817(03)
Petition for Warrant or Summons for Offender Under Supervision
Case 2:06-cr-00817-AM   Document 139   Filed 01/15/10   Page 2 of 4

According to Jorge Ramos, his own vehicle was damaged a few days prior to the incident. Jorge Ramos believed his ex-girlfriend, Ninfa Leal caused the damage. He believed that Leal saw Jorge Ramos with Jerry Garcia and was taking out her frustrations on Jerry Garcia's vehicle. According to the detective investigating the case, charges were not filed against the offender.

On October 16, 2009, a Del Rio Police Department officer responded to 405 Arranaga in regards to a criminal mischief that occurred at that location. Upon arrival, the officer was informed by the victim that a female subject had thrown a glass beer bottle at his vehicle while he was traveling east bound on Hwy 90 East and broke the rear left side window to his 2003 Yukon. The victim stated that the female that threw the beer bottle was possibly Ninfa Silva Leal, who used to date his friend Gustavo Martinez. He believed that Leal may have possibly thought that Gustavo Martinez was with him while they were cruising on Hwy 90 East. According to the offense report, the victim wanted to file charges against the actor. As of this date, no charges have been filed.

On October 24, 2009 at approximately 2:02 a.m., a Del Rio Police Department officer was dispatched to Diamond Lil's for an assault that had just occurred. Upon arrival, the officer met with a female identified as Karen Whatley, who stated she was assaulted by several subjects outside of the club's entrance. The police officer noted a strong odor of alcohol emitting from Whatley's person and breath. She stated the incident stemmed from an altercation she had with her girlfriend, Ninfa Leal. She stated Leal was upset because Whatley was dancing with other girls. Whatley reported that on her way out, she ran into the offender. The offender punched the left side of her face with a closed right fist. Whatley stated she grabbed the offender with both hands and threw her to the ground and began to walk away from her to avoid further conflict. Once Whatley regained her stance, she realized the offender and a male identified as Allen Navarro, were attacking her. She recalled Navarro punching her left jaw with a closed fist and complained of pain. Her face had redness along her left and right jaw and she had several small cuts on the knuckles of her right hand.

Another police officer conducted a traffic stop on a vehicle in which Leal and Navarro were passengers, and they both claimed they were assaulted by Whatley and her friends at Diamond Lil's. Later that night, a witness by the name of Vicky Garcia, went to the police station to file a report. She stated she was at the scene when the incident occurred between Whatley and Leal. She further reported, she saw when Leal, Navarro, and another female only known as Desaray, assault Whatley while they were outside of the club entrance. Garcia provided a written voluntary statement.

On October 24, 2009 at approximately 2:28 p.m., a Del Rio Police Department officer, stated that while on desk duty, a walk-in by the name of Karen Whatley reported that she has been receiving harassing phone calls. She stated she had been having problems with a female identified as Ninfa Leal. She stated she received a text message at approximately 1:36 p.m. from Ms. Leal calling her a "stupid bitch." Ms. Whatley also stated she had received a phone call from an unknown number and believes it was from Leal. Ms. Whatley stated she did not wish to file any charges, but wanted to have the incident documented.

2. **Standard Condition No. 3:** "The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer."

   On December 17, 2009, the Probation Officer instructed the offender to report to the Probation Office on December 18, 2009 at 9:00 a.m. for an Administrative Hearing. The offender failed to report as instructed.

3. **Standard Condition No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."

   On October 22, 2009, the Del Rio Texas Police Department Criminal Investigations received information regarding narcotics being stored at 147 Harvey Drive, Del Rio, Texas. Contact was made with the renter of the residence who was identified as Jose Garcia. Garcia stated he rented the residence along with his common law wife, Ninfa Leal. Garcia was asked for consent to search his residence, and Garcia fully and voluntarily agreed to the search. Special agents with the U.S. Immigration & Customs, arrived at the scene and made contact with the offender, Ninfa Leal. After explaining to Leal the reason for their presence, Leal also granted them verbal consent to search her residence. A total of 12 bundles of marijuana weighing 105.6 kilograms were recovered from within a hallway closet and inside a child's bedroom closet. As a result of this drug seizure, Alejandro Lopez, was indicted on federal drug charges in Docket No. DR-09-CR-1419 (01). No charges were filed against the offender.

4. **Standard Condition No. 9:** "The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer."

   In the October 24, 2009 incident noted above, the offender was in the company of Allen Navarro. According to record checks, Allen Navarro is a convicted felon currently on State Parole. He was convicted of Possession of Marijuana.

   In the October 22, 2009 incident noted above, where 12 bundles of marijuana were found at the offender's residence, Alejandro Lopez, who was charged in that offense, is also a convicted felon. He has a prior federal drug conviction in docket number DR-01-CR-194(01).

U.S. Probation Officer Recommendation:

The offender commenced her term of supervised release on June 20, 2008. As noted above, she is not complying with her conditions ordered by the Court. She has demonstrated disrespect for the law, and has proved to be irresponsible with her choices. Her actions can be interpreted as heartless and ill-considerate. The victims referenced on the reports noted above, chose not to file charges against the offender. She was admonished for all the noted incidents. Furthermore, two of the individuals noted in the reports are convicted felons who have prior drug convictions. She has continued to violate the conditions of her supervised release based on her criminal actions. Therefore, it is respectfully recommended that the offender's term of supervised release be revoked.

Nir. Silva Leal  Case 2:06-cr-00817-AM   Document 139   Filed 01/15/10   Page 4 of 4
DR-06-CR-817(03)
Petition for Warrant or Summons for Offender Under Supervision

The term of supervision should be

      X    revoked.    (Maximum penalty: 5 years imprisonment; UP TO LIFE years supervised release; and payment of any unsatisfied monetary sanction previously imposed)

    \_\_    extended for _____ years, for a total term of _____ years.

\_\_    The conditions of supervision should be modified as follows:

Approved:

_____
Diane M. Rodriguez
Supervising U.S. Probation Officer

Respectfully Submitted,

_____
Sophia V. Ramirez
U.S. Probation Officer,
Date: January 6, 2010
Telephone #: 830-703-2089, ext. 243

cc:    Victor Casillas
       ADCUSPO, San Antonio

Approved:

_____
Robert Brady
Assistant U.S. Attorney

---

## THE COURT ORDERS

\_\_\_\_ No Action

✓ The issuance of a WARRANT. Bond is set in the amount of $ Detain cash / surety with supervision by the United States Probation Office to continue as a condition of release.

\_\_\_\_ The issuance of a SUMMONS.

\_\_\_\_ Other

_____
Alia Moses Ludlum
United States District Judge

1-15-10
_____
Date